IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN MACKLEY,

    Plaintiff,

v.                              Case No. 12-2774-SAC

TW TELECOM HOLDINGS, INC.,

    Defendant.

**MEMORANDUM AND ORDER**

This employment discrimination case comes before the Court on Defendant's motion to dismiss, and on Plaintiff's related motion to amend his complaint.

**I. Motion to Dismiss**

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 10 for its failure to state each claim in a separate count, and pursuant to Fed. R. Civ. P. 12 for its failure to state a claim upon which relief may be granted. Plaintiff responds that its complaint complies with the rules, but in the alternative moves to amend "to satisfy any concern the Court may have about [its] sufficiency." Dk. 6, p. 11.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint for sufficiency for purposes of a Rule 12(b)(6) motion, the court also considers the attachments to the complaint. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. Rule 10

Rule 10 states, in part, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Clarity is an uncommon yet highly desireable trait in discrimination cases, in the court's experience. Defendant's motion to dismiss reflects its reasonable confusion about the claims plead by Plaintiff, as if to illustrate the complaint's absence of clarity. For example, Defendant moves to dismiss the harassment claim, and Plaintiff expressly responds that he intended to assert no harassment claim. Dk. 6, p. 9. But Plaintiff repeatedly uses the terms "harassment" and "hostile working environment" in the complaint. *See* Dk. 1, p. 7, paras. 21, 22; p. 8, para. e. Defendant also moves to dismiss any claim under the "EPA," Dk. 4, p. 13, n. 2, alluding to the complaint's statement that "Plaintiff's cause of action is filed against Defendant pursuant to the Title VII … and/or the ADEA *and the EPA*…" Dk. 1, p. 2 (italics added). But Plaintiff tacitly concedes he did not and does not intend to assert any claim under the EPA. *See* Dk. 6, p. 4 (stating that

2

Plaintiff properly determined that Plaintiff's theories of recovery are under Title VII and the ADEA); Dk. 1, p. 8 (requesting judgment that Defendant violated "the ADEA, and Title VII"). In moving to dismiss these non-existent claims, Defendant is not being overly cautious – it is merely responding to the plain language of the complaint.

The Court finds Defendant's confusion to be reasonable, and agrees that separate counts would make Plaintiff's claims much clearer. Plaintiff's non-compliance with this Rule alone likely merits dismissal, because "Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 (10th Cir. 2007).

### B. Rule 12(b)(6)

Defendant additionally contends that the complaint fails to establish all the elements of Title VII and the ADEA, respectively. The Court agrees. But establishing all the elements of each claim is not necessary at the pleading stage. As the United States Supreme Court has held: "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a motion to dismiss. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002) (holding a complaint was sufficiently pled because the plaintiff "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of

the relevant persons involved with his termination"). But the Plaintiff is required to set forth plausible claims. *See Iqbal*, 556 U.S. at 678.

### 1. Termination

Plaintiff's response states that the complaint includes a claim for discriminatory termination. Dk. 6, p. 5. But a fair reading of the complaint does not include any termination claim. Instead, Plaintiff alleges various facts, then alludes to "the discrimination set forth above." The complaint uses the word "termination" only in its recitation of facts, and not as a legal claim or type of discrimination. More is necessary to put a Title VII or ADEA defendant on notice of the claims made against it, and to show that the pleader is entitled to relief.

### 2. Terms and Conditions

Plaintiff may also allege that Defendant discriminated against him in his terms and conditions of employment. But if so, Plaintiff should identify those terms and conditions. The complaint alleges that younger female employees "did not have to meet the same sales numbers and did not have to be in the office for the same hours as Plaintiff." Dk. 1, p. 4. But Plaintiff's response contends that Plaintiff "was not given favorable "mouse house" accounts" although his female counterparts were, Dk. 6, p. 5. The Court sees no such allegation in the complaint. The Court is uncertain whether Plaintiff intends to state a claim for discriminatory terms and conditions of employment and if so, what those discriminatory terms were, and whether

the disparate terms and conditions were based on Plaintiff's age or instead on his sex.

### 3. Retaliation

Liberally read, the complaint includes a claim of retaliation based on Plaintiff's participation in an internal investigation. But a prerequisite of a retaliation claim is that the conduct retaliated against be protected conduct. *See Williams v. Rice*, supra. Title VII's retaliation clause protects an employee's opposition to the employer's practices which violate Title VII, and an employee's participation in a Title VII proceeding. 42 U.S.C. § 2000e–3(a). Plaintiff does not allege that he opposed any discriminatory conduct. Accordingly, the complaint must allege a violation of the participation clause.

### a. Participation- Internal Investigation

The participation clause protects an employee who: 1) defends himself against charges of discrimination; 2) involuntarily participates as a witness in a Title VII proceeding, or 3) "actively participate[s]" in assisting a co-worker to assert Title VII rights. *Kelley v. City of Albuquerque*, 542 F.3d 802 (10th Cir. 2008) (internal citations omitted).

The Supreme Court has not decided whether the participation clause protects internal investigations. See *Crawford v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 555 U.S. 271 (2009). Nor has the Tenth Circuit decided the issue. Several judges in this district have held,

however, that the participation clause does not extend its protection to internal investigations conducted before Title VII proceedings begin:

> The participation clause of Title VII "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC." *Metzger v. City of Leawood*, 144 F.Supp.2d 1225, 1258 (D.Kan.2001) (quoting *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000)).

*Berroth v. Farm Bureau Mut. Ins. Co., Inc.*, 232 F.Supp.2d 1244 (D.Kan. 2002). The Court finds this approach to be well-reasoned, based on the plain language of the participation clause and its distinction from the opposition clause.

Plaintiff's complaint, liberally read, alleges that he "participated" in the HR investigation in July of 2012, but did not file his EEOC complaint until August 9, 2012. Defendant's in-house investigation was thus conducted separately from a formal EEOC charge and was based on activities which did not occur in conjunction with or after the filing of a formal charge with the EEOC. Plaintiff's complaint thus fails to allege that he participated in a Title VII proceeding, as is necessary, even assuming that the internal investigation related to acts prohibited by Title VII.

### b. Causal Connection

Additionally, the complaint fails to allege any nexus between the HR person who interviewed Plaintiff about Meyer and the person who fired him, or any causal connection between Plaintiff's participation and his

termination. The complaint does not state what the interview was about or whether it related to any protected category under Title VII. No basis appears for any inference that Plaintiff's participation in the HR interview about Meyer somehow led to Plaintiff's termination. The usual course is that a plaintiff complains about conduct believed to violate Title VII, then suffers adverse consequences. Here, instead, Plaintiff alleges only that during the HR interview he denied knowledge of any "inappropriate actions" by Meyer (the person being investigated). Actions may be inappropriate without violating Title VII. Thus the facts stated in the complaint raise no inference of retaliation against the Plaintiff.

### 4. Age Discrimination

Plaintiff alleges that he is 49 and that Defendant favored "younger" employees by giving them different quotas and office hours. But Plaintiff does not allege that the favored employees were outside the protected age group or were substantially younger than he. No inference of age discrimination arises when the favored employee is insignificantly younger than the Plaintiff. *Perry v. St. Joseph Regional Medical Center*, 110 Fed.Appx. 63, *4 (10th Cir. 2004).

Nor does the complaint allege that the favored employees were similarly situated to Plaintiff. "Similarly situated employees are those who deal with the same supervisor and are subject to the same standards

governing performance evaluation and discipline." *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1120 (10th Cir. 2007).

Additionally, Plaintiff states his belief that "one of the Vice Presidents in his office was having an affair with one of the [younger] female employees ... and that was one factor in their differing job expectations." Dk. 1, p. 4. Even if one assumes that the Plaintiff's supervisor was this same Vice President, that Vice President's favoring one employee because of her sexual favors has no alleged connection either with Plaintiff's age or with any adverse employment action suffered by the Plaintiff because of his age. In short, the allegations included in the complaint fail to raise an inference that Plaintiff's age may have been a determining factor in any employment decision related to him.

### 5. Conclusion

Having reviewed the complaint and having seen the confusion it reasonably creates on Defendant's part, the Court finds that the complaint fails to give defendant adequate notice of the specific discriminatory conduct giving rise to his claims and fails to plead sufficient factual content to state a plausible claim under Title VII or the ADEA. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (finding conclusory allegations of fact or law are not entitled to an assumption of truth and, in the context of an employment discrimination case, "general assertions of discrimination and retaliation, without any details whatsoever of events … are insufficient to

survive a motion to dismiss.") To dismiss with prejudice would likely be an abuse of discretion, however. *See Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010) ("[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where granting leave to amend would be futile.").

## II. Motion to Amend

Plaintiff has requested in the alternative to amend his complaint "to satisfy any concern the Court may have about [its] sufficiency." Dk. 6, p. 11. Because the Defendant has filed an answer, the Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendant opposes the motion to amend.

"The court should freely give leave when justice so requires," *id*, but our Local Rules require a motion to amend to "set forth a concise statement of the amendment sought to be allowed," and to attach a copy of the proposed amended pleading. D. Kan. Rule 15.1. Plaintiff has not complied with either of these requirements, so the Court cannot properly assess the propriety of any proposed amendment at this time. Plaintiff may file a motion for leave to amend in accordance with Federal Rule of Civil Procedure 15 and D. Kan. Rule 15.1 no later than May 3, 2013.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss the complaint (Dk. 3) is granted and the complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's alternative motion to amend (Dk. 6) is denied without prejudice. Plaintiff may file a motion for leave to amend in accordance with Federal Rule of Civil Procedure 15 and D. Kan. Rule 15.1 no later than May 3, 2013.

Dated this 10th day of April, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge