**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

STEVEN MACKLEY,                )
                                     )
        Plaintiff,           )
                                     )
        v.                     )     Case No. 12-2774-SAC
                                     )
TW TELECOM HOLDINGS, INC.,     )
                                     )
        Defendant.      )

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff Steven Mackley's Motion for Leave to Amend Complaint (ECF No. 11). For the reasons stated below, the motion is granted as to Mr. Mackley's amended Count I and Count II. However, the undersigned recommends to the District Judge that the motion as it pertains to allowing Mr. Mackley to pursue the amended Count III be denied.[1]

### I.    Relevant Background

On December 10, 2012, Mr. Mackley filed a complaint against TW Telecom Holdings, Inc., in the United States District Court for the District of Kansas alleging gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964[2] and age discrimination under the Age Discrimination in Employment Act[3] (the "ADEA"). On February 15, 2013, TW Telecom filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) and for failing to state each claim in a separate count pursuant to Fed. R.

---

[1] The court notes that, as further explained in Section II(D), amending the complaint as it pertains to Count III would be futile. Because this holding is dispositive, the undersigned recommends this finding to the District Judge.

[2] 42 U.S.C. § 2000e *et seq.*

[3] 29 U.S.C. § 623 *et seq.*

Civ. P. 10. As part of Mr. Mackley's response, he requested leave to amend his complaint in the alternative to dismissal if the court had concerns about the complaint's sufficiency.

On April 10, 2013, U.S. District Judge Sam A. Crow granted TW Telecom's motion to dismiss and dismissed the complaint without prejudice. Judge Crow found that the complaint failed to give TW Telecom adequate notice of the specific discriminatory conduct giving rise to the claims and failed to plead sufficient facts to state a plausible claim under Title VII or the ADEA.[4] Judge Crow granted Mr. Mackley up to and including May 3, 2013, to file a motion to amend in compliance with D. Kan. Rule 15.1. On May 3, 2013, Mr. Mackley filed the present Motion to Amend (ECF No. 11). The parties have fully briefed the matter, and the court is prepared to rule.

## II.    Discussion

Fed. R. Civ. P. 15 governs the procedure for a party to amend a pleading. At this juncture of the case, Mr. Mackley may only amend his complaint by consent of the opposing party or by leave of the court.[5] When leave of the court is required, the court may refuse to grant leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6] Leave should freely be given when justice so requires.[7]

TW Telecom opposes the present motion on the grounds that the proposed amended complaint is futile for various reasons. Namely, TW Telecom argues that it would be: (1) untimely and barred by the applicable statute of limitations, (2) fails to state a claim, and (3) fails

---

[4] *Mackley v. TW Telecom Holdings, Inc.*, No. 12-2774-SAC, 2013 WL 1502034, at *4 (D. Kan. Apr. 10, 2013).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager*, *Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[7] Fed. R. Civ. P. 15(a)(2).

to comply with Fed. R. Civ. P. 10(b). Further, TW Telecom argues that Mr. Mackley failed to timely exhaust administrative remedies for several of his amended claims.

A court may deny a motion to amend on the basis of futility "if the 'amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted.'"[8] When determining whether an amendment is futile, the court analyzes the proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[9] Therefore, the court will only deny an amendment on the basis of futility when factual allegations fail to "state a claim to relief that is plausible on its face,"[10] or when an issue of law is dispositive.[11] The party opposing the proposed amendment bears the burden of establishing its futility.[12]

### A. Timeliness

TW Telecom asserts that the proposed amended complaint is futile because it is time-barred by the statute of limitations for employment discrimination claims under Title VII and the ADEA.[13] Specifically, TW Telecom argues that the proposed amended complaint would not relate back to the original complaint pursuant to Fed. R. Civ. P. 15(c) and also that equitable tolling does not apply.

Filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or an authorized state agency is required before filing a discrimination lawsuit

---

[8] *Wenner v. Bank of Am., NA*, 637 F. Supp. 2d 944, 950 (D. Kan. 2009) (quoting *Stewart v. Bd. of Comm'rs for Shawnee Cnty., Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003)).

[9] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[11] *Collins*, 245 F.R.D. 503, 507 (D. Kan. 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).

[12] *Boykin v. CFS Enter., Inc.*, No. 08-2249-CM-GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008).

[13] Def.'s Resp. to Pl.'s Mot. to Amend Compl. at 1, ECF No. 15.

alleging violations of Title VII and the ADEA.[14] Under Title VII and the ADEA, a charge of discrimination must be filed within three hundred days of the alleged unlawful discrimination if made to an authorized state agency.[15] It is only after the claimant receives a right-to-sue letter from the administrative agency that he or she can initiate a lawsuit.[16] Once the right-to-sue letter is received, the plaintiff must file suit within a ninety-day period.[17] An action filed after this ninety-day period will be deemed untimely.[18]

In August 2012, Mr. Mackley signed and filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the EEOC based upon the alleged discriminatory actions of TW Telecom. The EEOC issued a right-to-sue letter on September 20, 2012, giving Mr. Mackley up to and including December 19, 2012 to file a lawsuit based upon his August 2012 charge of discrimination. Mr. Mackley timely filed a complaint on December 10, 2012. Because Mr. Mackley timely filed a charge of discrimination, received an EEOC right-to-sue letter, and filed a lawsuit within the ninety-day period, his original complaint was timely. Nonetheless, TW Telecom argues that Mr. Mackley's proposed amended complaint would be untimely as it does not relate back to the date of the timely-filed original complaint and, therefore, falls outside of the ninety-day limitations period. The court does not agree.

---

[14] *Richardson v. Rusty Eck Ford, Inc.*, No. 12-1313-KHV, 2013 WL 1704930, at *4 (D. Kan. Apr. 19, 2013).

[15] 42 U.S.C. 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B).

[16] *See Kinney v. Blue Dot Servs. of Kan.*, 505 Fed. App'x 812, 814 (10th Cir. 2012) (unpublished) (stating that under Title VII a plaintiff "must clear three procedural hurdles before bringing suit in federal court: (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter"); *see also Robles v. Amarr Garage Doors*, No. 11-2707-JAR-DJW, 2012 WL 4867289, at *3 (D. Kan. Oct. 15, 2012) (stating that under Title VII and the ADEA, a person must exhaust his or her administrative remedies by timely making a charge of discrimination and receive a right-to-sue letter based on that charge).

[17] 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e).

[18] *Collins*, 245 F.R.D. at 508 ("[I]f the complaint is filed more than 90 days after the plaintiff receives notice of the right to sue, the action will be deemed untimely.").

Pursuant to Fed. R. Civ. P. 15(c), an amended complaint may relate back to the date of a timely-filed original complaint, even if the amendment is outside of the statute of limitations, when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[19] It is within the court's sound discretion to decide whether a new claim meets this standard.[20] If the amendment alters the original complaint enough to prevent the defendant from receiving adequate notice about the conduct, transaction, or occurrence underlying the claim or defense, then the amendment will not relate back and will be deemed untimely.[21]

In this case, TW Telecom does not argue that the proposed amended complaint fails to arise out of the same conduct, transaction, or occurrences set forth in the original complaint. Rather, TW Telecom suggests that when Judge Crow dismissed Mr. Mackley's original complaint without prejudice, the case concluded and the filing of a new complaint would be past the ninety-day period triggered on September 20, 2012—the date when Mr. Mackley received his right-to-sue letter.[22] The court does not agree with TW Telecom's reasoning.

When a court expressly grants a plaintiff leave to file a motion to amend his or her complaint within a certain time period, the court's order shows that it did not intend to dispose of the entire action.[23] In fact, a complaint dismissed without prejudice is ordinarily a non-final, non-

---

[19] Fed. R. Civ. P. 15(c); *see generally Spillman v. Carter*, 918 F. Supp. 336, 340-41 (D. Kan. 1996) (allowing plaintiff's Title VII and ADA claims to relate back to the filing of the original complaint).

[20] *Acker v. Burlington N. & Santa Fe Ry. Co.*, 215 F.R.D. 645, 648 (D. Kan. 2003).

[21] *Id.*

[22] *See* Def.'s Resp. to Pl.'s Mot. to Amend Compl. at 3, ECF No. 15 ("Plaintiff's 90 day filing period was not tolled during the pendency of the first lawsuit and thus the 90 day filing period would have expired on or about December 19, 2012.").

[23] *Trotter v. Regents of The Univ. of N. M.*, 219 F.3d 1179, 1183 (10th Cir. 2000); *see Moya v. Schollenbarger*, 465 F.3d 444, 451 (10th Cir. 2006) (when examining the finality of a dismissal order under 28 U.S.C. § 1291, an order

appealable order.[24] Additionally, a complaint dismissed without prejudice generally can relate back to the original complaint as long as it meets the standards set forth in Fed. R. Civ. P. 15.[25] As described by the Tenth Circuit in *Moya v. Schollenbarger*:

> If the dismissal [of a complaint] is not a "final decision," that necessarily implies that the plaintiff may seek to amend the complaint—otherwise the dismissal would have been final. That amendment (assuming it was limited to the "conduct, transaction, or occurrence" at issue in the original complaint) would then relate back to the date that the original complaint was filed. Thus, no claim that was timely when made in the original complaint would be barred when made in a properly authorized amended complaint.[26]

In this case, Judge Crow ordered Mr. Mackley's original complaint to be dismissed without prejudice and granted him up to and including May 3, 2013, to file a motion to amend to cure certain pleading deficiencies. Based upon this language, Mr. Mackley was granted the opportunity to file an amended complaint that, if it met the requirements of Fed. R. Civ. P. 15(c), would be allowed to relate back to the original complaint. After examining Mr. Mackley's proposed amended complaint, the court finds that it arises out of the same conduct, transaction, and occurrences set forth in the original complaint. Consequently, Mr. Mackley's proposed amended complaint as it conforms to this order may relate back to the timely-filed original complaint. The proposed amended complaint is not futile on this ground. In light of this finding, the court finds it unnecessary to address TW Telecom's equitable tolling argument.

---

that "expressly grants the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision").

[24] *Moya*, 465 F.3d at 449 (In terms of appellate jurisdiction under 28 U.S.C. § 1291, "[a] dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final") (citing *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994)).

[25] *Id.* at 452-53.

[26] *Id.* at 452-53 (internal citations omitted).

## B.        Count I – Age Discrimination Claim Under the ADEA

Mr. Mackley's proposed complaint amends his claim, set out as Count I, for age discrimination under the ADEA. TW Telecom argues that amending the original complaint to include Count I would be futile because it fails to state a claim, fails to comply with Fed. R. Civ. P. 10(b), and is barred for failure to exhaust administrative remedies.

### i.        Failure to State a Claim

When ruling on a motion to dismiss for failing to state a claim, a court should assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff.[27] "This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements."[28] Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In the past, the Tenth Circuit embraced a liberal construction of this pleading requirement and held that a "complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings . . . ."[29] The Supreme Court, however, has since clarified this standard and directs courts to examine whether the complaint contains enough factual allegations, which taken as true, "to state a claim to relief that is plausible on its face."[30] The plaintiff must "nudge [his or her] claims across the line from conceivable to

---

[27] *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (citing *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007)).

[28] *Martin K. Eby Constr. Co. v. OneBeacon Ins. Co.*, Nos. 08-1250-WEB-KGG, 08-2392-CM, 2011 WL 5837242, at *3 (D. Kan. Nov. 21, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (addressing the motion to dismiss standard when analyzing the futility of a motion to amend).

[29] *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

[30] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

plausible."[31] Therefore, the proposed complaint must provide more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[32] While specific facts are not necessary, some facts are.[33] The relevant issue is not whether the movant will ultimately prevail, but whether the movant is entitled to offer evidence in support of his or her claims.[34] Nonetheless, granting a "motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."[35] In fact, "'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"[36]

TW Telecom asserts that the proposed amended complaint is futile because it does not adequately allege a plausible claim of age discrimination under the ADEA. In employment discrimination cases, the plaintiff is not required to plead a prima facie claim of discrimination to survive a motion to dismiss.[37] Though not required, "the elements of each alleged cause of action help to determine whether plaintiff has set forth a plausible claim."[38] To state a prima facie claim for age discrimination, a plaintiff must allege that he or she: (1) is over 40 years old and,

---

[31] *Id.*

[32] *Id.* at 555.

[33] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

[34] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 508 (D. Kan. 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

[35] *Dias*, 567 F.3d at 1178 (quotations marks and citation omitted); *see Martin K. Eby Constr. Co.*, 2011 WL 5837242, at *4 (stating the same).

[36] *Dias*, 567 F.3d at 1178 (quoting *Twombly*, 550 U.S. at 556).

[37] *Swierkiewicz*, 534 U.S. at 515; *Khalik*, 671 F.3d at 1192.

[38] *Khalik*, 671 F.3d at 1192 (citing *Swierkiewicz*, 534 U.S. at 515; *Twombly*, 550 U.S. at 570).

therefore, a member of the ADEA's protected class;[39] (2) suffered an adverse employment action; (3) was qualified for the position at issue; and (4) was treated less favorably than others not in the protected class.[40] In addition, the plaintiff must show that "age was the 'but-for' cause of the challenged employer decision."[41]

Mr. Mackley's proposed complaint appears to plead sufficient facts to establish a plausible ADEA claim. Mr. Mackley alleges he is 49 years old and, therefore, is a member of the ADEA's protected class.[42] He addresses the second and forth element of an ADEA claim by alleging that he suffered an adverse employment action based upon his age as to the terms and conditions of his employment when he was treated less favorably than other employees not in the protected class.[43] For example, Mr. Mackley claims that he was not given "house mouse"[44] accounts even though such accounts were provided to younger employees who were not within the protected class, held the same position, and were under the same supervisory chain.[45] Additionally, Mr. Mackley alleges that the same younger employees were not required to hold the same office hours and were held to different standards when failing to meet sales

---

[39] *See* 29 U.S.C. § 631(a) (stating that the provisions of the ADEA "shall be limited to individuals who are at least 40 years of age").

[40] *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1279 (10th Cir. 2010) (citing *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998); *see Robles v. Amarr Garage Doors*, No. 11-2707-JAR-DJW, 2012 WL 4867289, at *6 (D. Kan. Oct. 15, 2012).

[41] *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009); *Richardson v. Rusty Eck Ford, Inc.*, No. 12-1313-KHV, 2013 WL 1704930, at *8 (D. Kan. Apr. 19, 2013).

[42] Pl.'s Proposed First Am. Compl. at ¶ 35, ECF No. 11-1.

[43] *Id.* at ¶ 36-37.

[44] The court notes that one of the deficiencies Judge Crow addressed in his order dismissing Mr. Mackley's complaint without prejudice was that it failed to sufficiently allege discrimination in the terms and conditions of his employment. Specifically, Judge Crow pointed to Mr. Mackley's failure to allege that others outside of the protected class were given favorable "house mouse" accounts. *See Mackley*, 2013 WL 1502034, at *2.

[45] Pl.'s Proposed First Am. Compl. at ¶ 36, ECF No. 11-1.

expectations.[46] Mr. Mackley addresses the third element by alleging facts that he produced satisfactory work, received positive feedback, and even received a raise as a result of his work.[47] Turning to the "but for" element, Mr. Mackley makes an allegation that "[t]he discrimination and harassment to which Plaintiff was subjected was due to his age."[48] Although somewhat conclusory, it can be inferred from this allegation coupled with the other alleged facts that Mr. Mackley's age was the "but for" cause of the alleged discrimination.

After a review of the prima facie elements, it appears the amended Count I nudges Mr. Mackley's ADEA claim across the line from conceivable to plausible. In addition, Mr. Mackley addresses and cures the deficiencies originally found by Judge Crow regarding his age discrimination claim. The court finds that Mr. Mackley's proposed amended complaint, as it pertains to Count I, states a plausible age discrimination claim.

### ii.     Failure to Comply with Fed. R. Civ. P. 10(b)

Pursuant to Fed. R. Civ. P. 10(b), "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." "The purpose of Rule 10(b) is to promote simplicity and clarity in pleading."[49] TW Telecom argues that the amended Count I fails to comport with Fed. R. Civ. P. 10(b). In light of TW Telecom's ability to understand and file an answer to the *original* complaint, it appears that TW Telecom might be pushing a technical point rather than having a genuine difficulty of understanding the amended complaint. In addition, the proposed

---

[46] *Id.*

[47] *Id.* at ¶ 10, 11, 22, 23, 26.

[48] *Id.* at ¶ 38; *see id.* at ¶ 13(g) (stating that "Defendant would not have treated Plaintiff less favorably than the substantially younger female sales associates but for Plaintiff's age").

[49] *Kjorlie v. Lundin*, 765 F. Supp. 671, 673 (D. Kan. 1991) (citing 5 Charles Alan Wright, et al., *Federal Practice & Procedure* § 1324).

amended Count I appears to cure the court's previous concerns pertaining to Fed. R. Civ. P. 10. For these reasons, the court finds that Mr. Mackley's proposed amended Count I should not be rejected on this ground.

### iii.    Exhaustion of Administrative Remedies

TW Telecom also contends that Mr. Mackley failed to exhaust his administrative remedies for Count I. Federal courts lack jurisdiction to hear an employment discrimination suit based upon Title VII or the ADEA when the party making the charge of discrimination fails to exhaust administrative remedies.[50] As detailed above, to exhaust administrative remedies, a plaintiff must generally present his claim of discrimination to the EEOC or an authorized state agency and receive a right-to-sue letter based on that charge. The charge "shall be in writing and signed and shall be verified."[51] At a minimum, it must identify the parties and "describe generally the action or practices complained of."[52] As recently explained by Chief District Judge Kathryn H. Vratil,

> The charge tells the EEOC or . . . [in this case, the MCHR] what to investigate, provides the opportunity to conciliate the claim and gives the charged party notice of the alleged violation. A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC. In determining whether plaintiff has exhausted administrative remedies as to a particular claim, courts liberally construe EEOC charges. The charge, however, must contain facts concerning the discriminatory and retaliatory actions underlying each claim.[53]

---

[50] *Richardson v. Rusty Eck Ford, Inc.*, No. 12-1313-KHV, 2013 WL 1704930, at *4 (D. Kan. Apr. 19, 2013); *see Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (stating "Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit" and holding that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA").

[51] 29 C.F.R. § 1601.9.

[52] 29 C.F.R. § 1601.12(b).

[53] *Richardson*, 2013 WL 1704930, at *5 (internal citations omitted).

In this case, TW Telecom argues that if Mr. Mackley is asserting a "terms and conditions" or a "harassment" ADEA claim in his amended Count I, his charge of discrimination failed to raise these types of claims and, therefore, he did not timely exhaust his administrative remedies. Mr. Mackley's charge, however, checked the boxes "age," "sex," and "retaliation" when asked to describe the basis of the alleged discrimination. Moreover, Mr. Mackley's charge states that other younger female employees were given "house mouse" accounts even though he was not. His charge also states that he was wrongfully terminated even though other younger female employees had worse numbers than he did and arrived late or not at all for work. Finally, Mr. Mackley affirmatively explains that his use of the term "harassment" in the amended complaint is not intended to assert a hostile work environment claim. He is not attempting to make such a claim.[54] Given that EEOC charges are liberally construed, the court finds that Mr. Mackley provided adequate facts to reasonably put TW Telecom on notice of the possible theories of discrimination under the ADEA in his amended Count I. Mr. Mackley made a sufficient charge of discrimination and satisfied the other administrative processes as described above in Section II(A). Therefore, Mr. Mackley exhausted his administrative remedies for this claim.

In conclusion, TW Telecom did not meet its burden to establish the futility of the amended Count I. Mr. Mackley's motion for leave to pursue the amended claim in Count I is hereby granted.

### C.    Count II – Gender Discrimination Under Title VII

Mr. Mackley's motion also seeks to amend his claim, set out as a Count II, for gender discrimination in violation of Title VII. TW Telecom argues that granting the amended Count II

---

[54] *See* Pl.'s Reply to Mot. to Amend Compl. at 14, ECF No. 18.

would be futile because it fails to state a claim, fails to comply with Fed. R. Civ. P. 10(b), and is barred for failure to exhaust administrative remedies.

### i. *Failure to State a Claim*

TW Telecom asserts that the proposed amended Count II is futile because it does not adequately allege a plausible claim of gender discrimination. Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."[55] To state a claim for gender discrimination under Title VII, a plaintiff must factually allege direct evidence of discrimination or well-pleaded facts establishing he or she: (1) is a member of a protected class, (2) suffered an adverse employment action, (3) qualified for the position at issue, and (4) was treated less favorably than others not in the protected class.[56]

Here, Mr. Mackley asserts that the amended Count II alleges TW Telecom discriminated against him "in *both* the terms and conditions of Plaintiff's employment and in terminating Plaintiff because of his gender."[57] In very similar respects to Mr. Mackley's amended ADEA claim, his amended Title VII gender discrimination claim with its additional specific factual allegations appears to set forth a plausible cause of action. Because Mr. Mackley is a male, he is generally not considered a member of a protected class.[58] However, "[w]hen a plaintiff, who is a member of a historically favored group, alleges discrimination, he must show 'background circumstances [which] support the suspicion that the defendant is that unusual employer who

---

[55] 42 U.S.C. § 2000e–2(a)(1).

[56] *Khalik*, 671 F.3d at 1192; *see Luke v. Hosp. Shared Servs., Inc.*, 513 Fed. App'x 763, 765 (10th Cir. 2013) (unpublished) (applying this standard to Title VII gender discrimination).

[57] Pl.'s Reply to Mot. to Amend Compl. at 18, ECF No. 18 (emphasis in original).

[58] *Wood v. City of Topeka, Kan., Hous. Auth.*, 90 F. Supp. 2d 1173, 1184 (D. Kan. 2000).

discriminates against the majority.'"[59] In this case, Mr. Mackley alleges that he received disparate treatment as compared to his female counterparts. For instance, similar to Mr. Mackley's allegations made in his ADEA claim, he alleges he was not given "house mouse" accounts, was subject to different office hours, and was treated differently if failed to meet his sales expectations than younger female employees under the same supervisory chain. In addition, Mr. Mackley alleges that even though his performance numbers were superior to similarly situated female employees he was nonetheless terminated. He also pleads that he produced satisfactory work, received positive feedback, and even received a raise as a result of his work.

After examining the prima facie elements, Mr. Mackley's allegations appear to set forth sufficient facts rather than a formulaic recitation of the elements and, therefore, establishing a plausible gender discrimination claim. Moreover, the proposed amended Count II appears to cure the previous deficiencies found by Judge Crow. TW Telecom did not meet its burden to establish the futility of Mr. Mackley's amended Count II based upon a failure to state a claim.

### ii.     *Failure to Comply with Fed. R. Civ. P. 10(b)*

TW Telecom argues the amended Count II is also futile because it fails to comply with Fed. R. Civ. P. 10(b). As previously stated, Fed. R. Civ. P. 10(b) is intended to promote simplicity and clarity in pleadings. TW Telecom states that, like Count I, Count II references several different possible claims. For substantially the same reasons as outlined above in Section II(B)(*ii*), the court finds that Mr. Mackley's amended Count II is not futile on Fed. R. Civ. P. 10(b) grounds.

---

[59] *Id.* at 1185 (quoting *Sanchez v. Philip Morris, Inc.*, 992 F.2d 244, 248 (10th Cir. 1993)); *see Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992).

### iii.     *Exhaustion of Administrative Remedies*

TW Telecom argues that the amended Count II is also futile for failing to exhaust administrative remedies. As previously set forth in Section II(B)(*iii*) above, a charge of discrimination shall generally describe the actions of the alleged discrimination underlying each claim. In determining whether administrative remedies have been exhausted, courts liberally construe EEOC charges. For substantially the same reasons outlined for amended Count I, the court finds that Mr. Mackley has exhausted his administrative remedies for amended Count II. Mr. Mackley not only checked the box labeled "sex" as one of the basis for his alleged discrimination, but he also gave specific facts alleging gender discrimination. Because Mr. Mackley made a sufficient charge of discrimination and satisfied the other administrative processes as described above in Section II(A), Mr. Mackley did exhaust his administrative remedies for amended Count II.

Based upon the foregoing analysis, the court finds that TW Telecom did not meet its burden establishing the futility of amended Count II. Therefore, Mr. Mackley's motion for leave to file his proposed amended complaint as it relates to his gender discrimination claim in Count II is granted.

### D.     **Count III – Retaliation Under Title VII**

Mr. Mackley's proposed amended Count III is based upon illegal retaliation in violation of Title VII. He claims his employment was terminated as a result of his participation in an internal investigation regarding discrimination allegations against Allan Meyer—his previous manager. TW Telecom argues that the proposed amended Count III fails to state a claim and is barred for failure to exhaust administrative remedies.[60]

---

[60] The court notes that, unlike the other two claims, TW Telecom does not argue that Count III fails to conform to Fed. R. Civ. P. 10(b). Therefore, the court will not address this argument.

### i.      *Failure to State a Claim*

TW Telecom appears to assert that the proposed amended Count III does not adequately allege a plausible claim of retaliation under Title VII. TW Telecom's response to the present motion, however, states that "[w]hile not a model of clarity, the proposed Count III appears to assert a viable retaliation claim under the participation clause of Title VII relating to an internal company investigation about one of the Plaintiff's managers."[61] But then, TW Telecom follows this by arguing that the proposed Count III fails to plead essential elements. While the court is puzzled by the somewhat contradictory language in TW Telecom's brief, the court will nonetheless address whether amended Count III fails to state a claim.

To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable person would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[62] The casual connection is based upon the principles of but-for causation—requiring "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[63] As the Supreme Court further explains:

> The Title VII antiretaliation provision has two clauses, making it "an unlawful employment practice for an employer to discriminate against any of his employees . . . [1] because he has opposed any practice made an unlawful employment practice by this subchapter, or [2] because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

---

[61] Def.'s Resp. to Pl.'s Mot. to Amend Compl. at 12, ECF No. 15.

[62] *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (internal citations omitted).

[63] *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

hearing under this subchapter." The one is known as the "opposition clause," the other as the "participation clause" . . . .[64]

Mr. Mackley's proposed amended Count III alleges a Title VII retaliation claim for his "participation" in an internal investigation, he describes as a "Title VII Investigation." Mr. Mackley does not allege that he opposed any discriminatory conduct and, therefore, to be actionable his proposed amended Count III must state a violation of the participation clause. As previously set forth in this case by Judge Crow:

> The participation clause protects an employee who: 1) defends himself against charges of discrimination; 2) involuntarily participates as a witness in a Title VII proceeding, or 3) actively participates in assisting a co-worker to assert Title VII rights. The Supreme Court has not decided whether the participation clause protects internal investigations. Nor has the Tenth Circuit decided the issue. Several judges in this district have held, however, that the participation clause does not extend its protection to internal investigations conducted before Title VII proceedings begin[.] The participation clause of Title VII protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC. The Court finds this approach to be well-reasoned, based on the plain language of the participation clause and its distinction from the opposition clause.[65]

As noted by Judge Crow, neither the Supreme Court nor the Tenth Circuit has decided this issue. Judge Crow's previous order dismissing the original complaint without prejudice found Mr. Mackley's retaliation claim to be deficient as it specifically related to TW Telecom's internal investigation. Namely, Judge Crow found that TW Telecom's in-house investigation was "conducted separately from a formal EEOC charge and was based on activities which did not

---

[64] *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 274 (2009) (quoting 42 U.S.C. § 2000e–3(a)).

[65] *Mackley*, 2013 WL 1502034, at *2-3 (internal citations and quotations omitted).

occur in conjunction with or after the filing of a formal charge with the EEOC."[66] As a result, Judge Crow held that the "complaint thus fails to allege that he participated in a Title VII proceeding, as is necessary, even assuming that the internal investigation related to acts prohibited by Title VII."[67] The undersigned concurs with the well-reasoned approach adopted by Judge Crow in this case and by other Judges in this District.[68]

Mr. Mackley's proposed amended retaliation claim does not cure the deficiency found by Judge Crow as it relates to TW Telecom's internal investigation. Mr. Mackley's amended complaint states that the internal investigation was a "Title VII investigation" conducted by TW Telecom into sexual harassment and sex discrimination allegations concerning his former manager. Beyond Mr. Mackley's conclusory statement that this investigation was a "Title VII investigation," Mr. Mackley does not allege a formal complaint was filed with the EEOC prior to or in conjunction with the internal investigation, as Judge Crow appropriately found to be necessary.

As stated above, an amendment is futile if it would not withstand a motion to dismiss for failing to state a claim. Here, Mr. Mackley does not cure the pleading deficiency Judge Crow previously found with regard to filing an EEOC charge before or in conjunction with an internal investigation. The undersigned concludes that Mr. Mackley's amended retaliation claim still fails to state a claim. Accordingly, Mr. Mackley's amended Count III is futile, and it is recommended that it not be allowed.

---

[66] *Id.* at *3 (pointing to the fact that the HR investigation, now described as a "Title VII Investigation," was conducted in July 2012, but Mr. Mackley's EEOC charge was not made until August 2012).

[67] *Id.*

[68] *See id.* at *2-3 (adopting the approach that the participation clause of Title VII protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC) (citing *Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1258 (D. Kan. 2001); *Berroth v. Farm Bureau Mut. Ins. Co.*, 232 F. Supp. 2d 1244 (D. Kan. 2002)).

## ii. Exhaustion of Administrative Remedies

In addition to Mr. Mackley's failure to state a plausible retaliation claim, he also failed to exhaust his administrative remedies for this alleged claim. As explained above, a party asserting a claim of discrimination must make a charge of discrimination that, at a minimum, identifies the parties and generally describes the alleged unlawful action or practice.[69] These details allow the EEOC or authorized state agency the opportunity to conciliate the claim and give the charged party notice of the alleged violation.[70] In general, a plaintiff's claim of discrimination is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts he or she alleged in the administrative charge.[71] Therefore, to exhaust administrative remedies, a "charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted."[72] "A party may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances."[73]

---

[69] 29 C.F.R. § 1601.12(b); *see Robles v. Amarr Garage Doors*, No. 11-2707-JAR-DJW, 2012 WL 2359423, at *3 (D. Kan. June 20, 2012) ("The charge must identify the type of discrimination complained of, the alleged harasser, and an approximate time period to be minimally sufficient to satisfy the requirements for the content of the charge and the purposes of the notice requirement.").

[70] *Richardson v. Rusty Eck Ford, Inc.*, No. 12-1313-KHV, 2013 WL 1704930, at *5 (D. Kan. Apr. 19, 2013).

[71] *See Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

[72] *Id.* (internal quotation marks omitted).

[73] *Schroder v. Runyon*, 1 F. Supp. 2d 1272, 1274 (D. Kan. 1998) (quoting *Harrell v. Spangler, Inc.*, 957 F. Supp. 1215, 1219 (D. Kan. 1997)).

Further, an EEOC charge must allege facts in support of the claimant's discrimination claim beyond merely checking a box on the EEOC form.[74]

Mr. Mackley's EEOC charge does not allege any facts supporting a claim of retaliation beyond merely checking the "retaliation" box on the EEOC form. No reference was made to an in-house investigation conducted by TW Telecom into sexual harassment and sex discrimination allegations concerning his former manager. No allegations were made that his employment was terminated as a result of participating in this internal investigation. No other allegations were set forth to support that he was unlawfully retaliated against by TW Telecom in violation of the participation clause. Because Mr. Mackley's amended retaliation claim (Count III) is not within the scope of his EEOC charge, Mr. Mackley has failed exhaust his administrative remedies for this claim. For this reason, Mr. Mackley's amended Count III should not be permitted to go forward.

When a court denies a claim as futile on a motion for leave to amend, the denial "has the identical effect as an order dismissing potential claims" and is therefore dispositive.[75] Consequently, the Magistrate Judge recommends that the District Judge deny Mr. Mackley's motion to amend as it pertains to his claim for retaliation.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4(b), the parties shall have fourteen (14) days after service of a copy of this Memorandum and Order to file any written objections to the court's recommendation as it relates to the denial of Mr. Mackley's motion to amend to permit his proposed retaliation claim (Count III). A party must file any objections within the fourteen-day period if that party wants to have appellate review of

---

[74] *Duncan v. Manager*, *Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (finding that plaintiff did not exhaust her administrative remedies because her EEOC charge did not allege facts in support of a retaliation claim even though she checked the box for retaliation).

[75] *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1229 (D. Kan. 2002).

the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court. Any appellate review of the Magistrate Judge's recommendation as it pertains to Mr. Mackley's retaliation claim will be reviewed on a de novo standard.[76]

Any written objections to the remainder of the court's order concerning Mr. Mackley's age discrimination claim (Count I) and gender discrimination claim (Count II) will be reviewed on a clearly erroneous or contrary to law standard.[77] Objections to these non-dispositive rulings shall be filed with the court within fourteen (14) days after service of a copy of this Memorandum and Order as set forth in 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Kan. Rule 72.1.4(a).

Accordingly,


**IT IS THEREFORE ORDERED** that Plaintiff Mackley's Motion for Leave to Amend Complaint (ECF No. 11) is hereby granted as it pertains to Mr. Mackley's amended Count I (age discrimination) and amended Count II (gender discrimination). The Magistrate Judge recommends to the District Judge that Mr. Mackley's motion for leave to pursue the amended Count III (retaliation) be denied. The court will subsequently establish Mr. Mackley's deadline to file his amended complaint as well as other appropriate case management deadlines.

---

[76] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see Cuenca*, 205 F. Supp. 2d at 1228 (finding that when a Magistrate Judge's decision denies leave to amend on futility grounds, that decision is a dispositive ruling and is subject to a de novo review).

[77] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Cuenca*, 205 F. Supp. 2d at 1228 (finding that when a Magistrate Judge's order grants leave to amend the complaint, the decision is a non-dispositive ruling and is subject to the clearly erroneous or contrary to law standard).

**IT IS SO ORDERED.**

Dated this 17th day of January, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius

K. Gary Sebelius

U.S. Magistrate Judge